## ROGERS *v.* KING.

A JUDGMENT admitting a will to probate, made upon a petition stating all the necessary facts, and after the publication of due and legal notice of the application for probate, is conclusive of the validity of the will when called in question in any collateral proceeding or action.

APPEAL from the Twelfth Judicial District.

This was an agreed case for submission of a controversy without action, in which the plaintiff seeks to recover $5,000 as the purchase price of a lot of land. By the contract of sale the defendant was to take the land at that price, provided the title was good. The plaintiff's title to the land was derived through the will of one

Romain DeBoom, and the only question raised as to its validity was whether the will was properly and legally admitted to Probate. The agreed case states that the will was made in Belgium—that an authenticated copy of it was filed in the Probate Court of San Francisco, where the testator resided at the time of his death, together with a petition for probate by the person named as executor, in which petition were stated " all the necessary facts "—that due notice was given of the application as required by law, and that upon a hearing the will was duly admitted to probate, and thereupon recorded. The plaintiff had judgment and defendant appeals.

*A. J. Gunnison,* for Appellant.

The instrument presented for probate was only an authenticated copy of the will. (Sec. 27, Act to regulate the Settlement of the estates of Deceased Persons.)

Sec. 28th of the act requires the production of the will and the probate thereof.

*Robt. C. Rogers,* for Respondent.

The death of the testator, and his residence in the county, are the jurisdictional facts ; these existing, every subsequent movement of the Court is the exercise of jurisdiction over the subject matter. (*Haynes* v. *Meeks,* 10 Cal. 110.) The jurisdiction of the Probate Court having attached, by reason of the death of the testator in the county, the order admitting the will to probate is not void. It could only be voidable. The jurisdiction of the Probate Court in matters pertaining to wills is exclusive, and its decrees are conclusive until set aside by a direct appeal. The jurisdiction extends over this class of cases, and its judgments cannot be questioned. (*Fisher* v. *Bassett,* 9 Leigh. 131 ; *Irwin* v. *Scriber,* 18 Cal. 499.)

NORTON, J. delivered the opinion of the Court—COPE, C. J. concurring.

The agreed case states that Cornelius DeBoom (the executor named in the will) filed in the Probate Court a petition for the probate of the will of Romain DeBoom, and filed therein an

authenticated copy of said will, and that the petition stated all the necessary facts and was sworn to, and that due and legal notice was published. It is also shown that a judgment was entered admitting the will to probate, and that the will was thereupon duly recorded.

If, as is agreed, the petition stated all the necessary facts, then upon its presentation with a copy of the will, and the publication of due and legal notice, the Court acquired jurisdiction to probate the will, and the judgment of the probate thereafter entered is conclusive. If any irregularities occurred in the proceedings or error in the judgment after jurisdiction was acquired, they could only be corrected by a direct proceeding for that purpose, and cannot be inquired into in this collateral proceeding. (*Irwin* v. *Scriber*, 18 Cal. 499; *In the Matter of the Estate of Preston Warfield, ante* 51.) We do not, however, by this remark, intend to intimate that any error occurred in the probate proceedings.

Judgment affirmed.