JUDGE LINDSAY
delivered the following as the response of THE COURT TO THE PETITION OF COUNSEL FOR APPELLEES FOR A REHEARING:
A paper purporting to be the last will and testament of John G. "Wills, deceased, was admitted to record by the Clark County Court. Upon appeal to the circuit court the issue of “will or no will” was submitted to a jury, and a verdict returned to the effect that the paper was not the last will and •testament of the deceased. From the judgment entered in accordance -with this verdict an appeal was prosecuted to this court, and upon hearing it was reversed, and the cause remanded with instructions to the circuit court to enter judgment confirming the order of probate, and to certify that judgment to the county court.
Appellees move for a rehearing, and insist “that the statute authorizing the exercise of such power by this court is in direct conflict with the bill of rights in- both the state and Federal constitutions,” because the substitution of the judgment of this court for the finding of the jury in effect deprives appellees of a freehold estate without a judgment, or rather against a judgment, of their peers, and therefore violates so much of the twelfth section of the bill of fights as declares that a freeman shall not “be deprived of life, liberty, or property unless by the judgment of his peers or the law of the land.”
*549 The authorities cited have been carefully examined. They relate to proceedings by the states to confiscate the property of the citizen, or to legislative enactments attempting to transfer the property of one person to another, or to a municipal corporation, or to compel one person to sell to another, as in the case of Taylor v. Porter & Ford (4 Hill, N. Y. Rep.) In each ease and in every instance the party protected by the court was the owner of the property sought to be taken or otherwise affected by the proceeding.
Such is not the case in a proceeding to probate a will. The probate of such an instrument does not deprive the heir at law of his estate. If, in point of fact, the ancestor has made and published a last will and testament, it speaks from the moment of his death, and the heir at law never becomes invested with title to the estate devised. The litigation attending the probate of a contested will is not prosecuted to divest either the heir or devisee of title to property, but to determine which of them is the owner of it.
The same power that prescribes the line of descent, and determines, in event “a person having right or title to any real estate of inheritance shall die intestate as to such estate,” to which of his kindred it shall descend, has also provided that “every person of sound mind, not being under twenty-one years of age, nor a married woman, may by will dispose of any estate, right, or interest in real or personal estate that he may be entitled to at his death, which would otherwise descend to his heirs or pass to his personal representative.”
If John G. Wills, deceased, did in due form of law make and publish as his last will and testament the paper ordered and adjudged to be probated as such, the estate devised upon his death passed under the will to his devisees, and the contingency upon which, by the law of descent, these appellees might have acquired title to a portion of it has not happened, and can never happen.
*550 The law-making power has the same right to point out the tribunals which shall try and determine, and the mode by which they shall try, the question as to whether or not a person entitled to an “ estate, right, or interest in real or personal estate” at the time of his death has exercised the right of making a will, and whether he was legally capable of exercising such right, as it has to confer said right or to fix the line of descent.
Contests growing out of the exercise or attempted exercise of the power to make a will are controversies as to the ownership of property; and when they are settled by the courts in accordance with the law and facts of the particular case the judgment does not deprive the unsuccessful party of his property, but declares that as matter of law he does not own the property to which he- sets up claim.
The probate of a will was not such a cause as was determinable at common law by a trial by jury. Questions of probate were originally cognizable in the English county courts. The ecclesiastical courts gradually encroached upon the jurisdiction of these courts, and finally acquired authority to receive the probate of wills to the exclusion of the county courts.
Kentucky, following the practice in Virginia, conferred upon the county courts jurisdiction in matters of probate. In none of these courts, English or American, did the right of trial by jury in determining a question of probate obtain. The Kentucky statute of 1797, taken from the Virginia statute of 1785, conferred jurisdiction upon the county courts to probate wills without the intervention of a jury, and except by appeal their judgment could not be disturbed, unless some .person interested, within seven years after probate, appealed and contested the validity of the will by bill in chancery, in which case the issue made up by the chancellor was to be tried by a jury. This right was purely a statutory right, and when *551 it was repealed by the adoption of the Revised Statutes in 1852, and the present mode of probating and resisting the probate of wills was prescribed, “ the ancient mode of trial by jury” was not violated.
The motion for a rehearing must be overruled.