[No. 3748.   Decided October 10, 1901.]

*In the Matter of the Estate of* FRED H. CLAYSON, *Deceased.*

WILLS — PROBATE OF FOREIGN WILLS — VENUE.

Under Bal. Code, § 6087, which provides for the probate of wills in the county in which any part of a testator's estate may be, although he was not a resident of the state nor died therein, it is not necessary that a will executed in a foreign country by a person domiciled there should be first proved in such foreign country according to the laws prevailing there in order to entitle it to probate in this state.

SAME — CONTEST — RIGHT TO JURY TRIAL. .

Proceedings to contest a will are in their nature equitable, and trial by jury of issues of fact therein is not a matter of right.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Affirmed.

*W. F. Hays,* for appellant.

*Walker & Munn,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—Fred H. Clayson, a resident of the Dominion of Canada, died therein on the 25th of December, 1899, leaving estate in the county of King, in this state, consisting of personal property.   He left a will in which, after certain minor bequests, he gave and devised to his brother, William Clayson, a resident of this state, all the residue of his estate, both personal and real, naming him as sole executor of the will.   Thereafter William Clayson filed his petition in the superior court of the county of King, praying that the will be proved and admitted to probate, and that letters testamentary be granted him.   Prior to the hearing on this

petition, Edward Clayson, the father of the deceased, filed a cross petition in which he contested the validity of the will. Issues were made up, and both petitions were tried and determined together, resulting in an order of court admitting the will to probate, and the granting of letters testamentary to William Clayson. The contestant appeals from this order. He assigns as error—First, that the court was without jurisdiction to admit the will to probate; and, second, that the court erred in not submitting the issues of fact to trial by jury.

The first objection is based upon the contention that a will executed in a foreign country by a person domiciled there is not provable in this state until it has been first proved in the foreign country according to the laws prevailing there. This objection is met by the statute. Section 6087, Bal. Code, provides:

"Wills shall be proved and letters testamentary or of administration shall be granted (1) in the county of which deceased was a resident or had his place of abode at the time of his death; (2) in the county in which he may have died, leaving estate therein, and not being a resident of the state; (3) in the county in which any part of his estate may be, he having died out of the state, and not having been a resident thereof at the time of his death."

It seems, too, that jurisdiction exists independent of statute. *Gordon's Case,* 50 N. J. Eq. 397 (26 Atl. 268); *Jaques v. Horton,* 76 Ala. 238; *Hyman v. Gaskins,* 5 Ired. 267; 1 Woerner, Administration (2d ed.) p. *495.

The second objection is equally without merit. Proceedings to contest a will are in their nature equitable, and trial by jury of issues of fact therein is not a matter of right. *Schmidt v. Schmidt,* 47 Minn. 451 (50 N. W. 598); *Lavey v. Doig,* 25 Fla. 611 (6 South. 259); *Rich v.*

*Bowker,* 25 Kan. 7; *Gilruth v. Gilruth,* 40 Iowa, 346; *Wills v. Lochnane,* 9 Bush, 547.

The order appealed from is affirmed.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.