IN THE MATTER OF THE ESTATE OF GEORGE H. HOLDEN.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ., and JEFFORDS, Supr. J.

Opinion filed October 7, 1938.

62

*J. H. Macomber* and *J. H. Macomber, Jr.,* for the appellants.

*A. Pearley Feen* and *Louis Lisman* for the appellee.

MOULTON, J. George H. Holden, a legal resident of, and domiciled in, the State of Florida, died testate on June 17, 1937, in that State. His estate consists entirely of stocks, bonds, mortgages, notes and bank deposits. For several years previous to his demise all of this property was in the custody and charge of his son, George J. Holden, of Burlington, Vermont. Among the bonds are those of foreign governments, and of municipalities and corporations organized and having principal offices in States other than Vermont or Florida. The stocks are in part those of corporations so organized, and in part of Vermont corporations. Of the mortgages one is upon real estate in Vermont, the other upon real estate in Florida. The notes are the obligations of a Florida corporation, secured by stock in that company. The deposits are in banks, situated in Burlington. George J.

Holden kept the securities in safe deposit in Burlington, collected the income, forwarded to the testator such part thereof as was sufficient for the latter's needs, and kept the balance on deposit. He also had custody of the will, which appears to have been executed according to the laws of Vermont and of Florida, and concerning which execution no question is made.

The beneficiaries of the estate are the widow, Harriet C. Holden, of Orlando, Florida; George J. Holden and the two children of the latter, of Burlington, Vermont. The executors named in the will are George J. Holden and Dewitt C. Miller, of Orlando, Florida.

After the death of the testator, George J. Holden, over the protest and objection of Dewitt C. Miller, presented the will for probate to the probate court for the district of Chittenden. Miller and Mrs. Holden moved to dismiss the petition for probate upon the ground that, since the testator was a resident of, and domiciled in, Florida, the appropriate court of that State is the tribunal having primary jurisdiction, and proper and orderly procedure requires the instrument to be submitted there in the first instance; and that, although the items composing the estate are physically present in Vermont, the probate court here has only ancillary jurisdiction, which is confined to the stocks of Vermont corporations, the mortgage upon Vermont real estate, and the money on deposit in Vermont banks.

Upon hearing, the motion to dismiss was denied, and the instrument admitted to probate. The cause comes here upon the appeal of Dewitt C. Miller and Mrs. Holden. No proceedings have been commenced in Florida.

 Generally speaking, a will should be submitted in the first instance to the forum at the domicile of the testator. *Hyman* v. *Gaskins,* 5 Ired. Law 267, 27 N. C. 267, 270; *Payne* v. *Payne,* 239 Ky. 99, 39 S. W. (2d) 205, 208; *In re Will of Eaton,* 186 Wis. 124, 134, 202 N. W. 309; *In re Fischer's Will,* 119 N. J. Eq. 217, 181 Atl. 875, 877; *Rackemann* v. *Taylor,* 204 Mass. 394, 90 N. E. 552, 556. Yet this course is not always necessary. The jurisdiction of a probate court over the estate of a deceased person depends upon the existence and judicial ascertainment of two facts: the death of such person and his domicile, or assets within the district. *Berry, Admr.* v. *Rutland R. R. Co.,* 103 Vt. 388, 390, 154 Atl. 671. That this principle is not affected by the non-

64

residence of the decedent appears from P. L. 2725, which provides that, "If a person resided out of the state at the time of his death, his will shall be allowed and recorded, and letters testamentary or of administration shall be granted in the probate court of any district in which he had estate."

Statutes of this nature, varying in expression but alike in substance, have been enacted in other states, and in applying them it has been held that the appropriate court of a jurisdiction in which assets of the estate of a nonresident testator are found may grant probate upon his will, even though the will has not been presented for probate in the state of his domicile. *Knight* v. *Hollings*, 73 N. H. 495, 63 Atl. 38, 40; *In re Gordon's Estate*, 50 N. J. Eq. 397, 26 Atl. 268, 269; *In re Fischer's Will, supra; Clayson* v. *Clayson*, 26 Wash. 253, 66 Pac. 410; *Rader* v. *Stubblefield*, 43 Wash. 334, 86 Pac. 560, 564, 10 Ann. Cas. 20; *Thomas Kay Woolen Mill Co.* v. *Sprague*, (D. C.) 259 Fed. 338, 342; *Hyman* v. *Gaskins, supra; Bolton* v. *Barnett*, 131 Miss. 802, 95 So. 721, 724, 725; *Jacques* v. *Horton*, 76 Ala. 238, 242; and see cas. cit. in annotations, 33 L. R. A. (N. S.) 658, and 113 A. S. R. 211. Such jurisdiction is inherent and exists independently of statute, for enactments of this nature are regarded as merely declaratory of the common law. *In re Estate of Washburn*, 45 Minn. 242, 11 L. R. A. 41, 42; *Knight* v. *Hollings, supra; Clayson* v. *Clayson, supra;* Restatement, Conflict of Laws, secs. 467-(b), 469.

It is merely the application of the principle that "every state has plenary power with respect to the administration and disposition of the estates of deceased persons as to all property of such persons found within its jurisdiction." *In re Clarke's Estate*, 148 Cal. 108, 82 Pac. 760, 761, 113 A. S. R. 197, 1 L. R. A. (N. S.) 996, 999, 7 Ann. Cas. 306; *Parnell, Exr.* v. *Thompson*, 81 Kan. 119, 105 Pac. 502, 33 L. R. A. (N. S.) 658, 666. Recognition of this doctrine is found in *Walton, Admx.* v. *Hall's Estate*, 66 Vt. 455, 29 Atl. 803, wherein the will of a resident of Vermont, not previously admitted to probate here, was proved in Illinois, in which State certain property belonging to the testator was situated at the time of his death. The opinion states that "inasmuch as there was property in Illinois on which the will was to be operative, the proper probate court of that State obviously had jurisdiction to probate it, notwithstanding

the testator was domiciled here at the time of his death." (P. 460, 29 Atl. p. 804.) The language just quoted was expressly approved and its correctness said to be without doubt in *Tarbell* v. *Walton,* 71 Vt. 406, 409. In accord is *In re Joyslin's Estate,* 76 Vt. 88, 94, 95, 56 Atl. 281.

*Rackemann* v. *Taylor,* 204 Mass. 394, 90 N. E. 552, upon which the appellants rely, rests upon a different state of facts. The testatrix, domiciled in New York at the time of her death, left personal and real property in that State and in Massachusetts. Her will was presented for probate in Massachusetts by one of the executors named therein and similar proceedings were also instituted in the surrogate's court in New York by one claiming to be a creditor of the estate, at the instance of the heirs of the decedent. A motion to continue the proceedings in Massachusetts to await the result of those pending in New York, made by one of the heirs, was denied and the will was admitted to probate, but before the allowance of the will special administrators were appointed to take charge of the property in Massachusetts. On appeal the court held (p. 556, 90 N. E.) that the heirs at law, and all others interested in the estate were entitled to have the instrument primarily considered and its validity or invalidity finally determined by the courts of New York; that, although the probate court of Massachusetts had the power to entertain a petition for the probate of the will, before it was considered by the New York court, and there might be cases in which this course would be proper, it would be contrary to principles of comity as well as an interference with the rights of the heirs at law to retain jurisdiction under the facts appearing in the case; and that there was no occasion to proceed to protect Massachusetts creditors, or to secure the payment of inheritance taxes due the Commonwealth, since special administrators had been appointed to take care of the property. No statute similar to P. L. 2725 appears to have been considered.

■ It is undoubtedly true, as is stated in the Restatement, Conflict of Laws, sec. 469, comment c, that "a court in its discretion will ordinarily postpone action insofar as the will concerns movables until the court at the domicile has acted, if proceedings in the domicile for probate are pending at the time the application for probate is made in the other state." But in the case before us there are no proceedings pending in Florida and the

jurisdiction to allow the will is specifically conferred by statute (P. L. 2725). In a like situation and under a similar statute it was said in *In re Fischer's Will,* 119 N. J. Eq. 217, 181 Atl. 875, 878: ''It seems clear that * * * * there should be no refusal to entertain the suit on the ground of comity * * * * comity cannot be applied when opposed to the public policy of the local statutes. The statute of 1921 is a legislative declaration of the public policy of our State in this regard.''

The existence of assets within the probate district of Chittenden is the jurisdictionary fact in this case. It is argued by the appellee that all the various items of intangible property have their situs here, but it is not necessary for us to decide this question. It is conceded by the appellants, and properly so, that the stocks in Vermont corporations, the mortgage upon Burlington real estate, and the deposits in Burlington banks are, for administrative purposes at least, situated within the district, and this is enough to justify the admission of the will to probate. Whether this jurisdiction is primary or ancillary is for present purposes beside the point. It is enough that it exists.

The apprehension entertained by the appellants that if probate is granted here there will be difficulty in obtaining it in Florida appears to be groundless. By the statutes of that State (Laws of Florida, Acts 1933, Ch. 16103, sec. 72; Acts 1935, Ch. 17171, secs. 2 and 3), of which we may take judicial notice (Acts of 1937, No. 43), it is provided that after the will of a resident testator has been proved in another state it may be admitted to probate upon filing an exemplified or certified copy and of the foreign order of probate, and the letters issued thereon.

A second ground of appeal is that the act of one of the named executors in the will in filing the instrument for probate against the objection and protest of the other was null and void, since when there are two or more executors they are considered in law as one person, and must act jointly in matters requiring judgment, and so no jurisdiction to entertain the proceedings was conferred upon the court. But neither person was an executor at the time, and could not be such until appointed and qualified after proof and allowance of the will. The appellees cite P. L. 2759, which provides that if a person has the custody of a will, he shall, within thirty days after he knows of the death of the testator, deliver the will into the probate court

which has jurisdiction or to the executor named in the will. P. L. 2760 requires a similar course of action by the executor so named. Whether these sections are to be construed as referring to wills of nonresident testators leaving property within the probate district, we need not inquire. It is enough to say that the act of George J. Holden in presenting the instrument to the probate court for the district of Chittenden did not, under the circumstances, fail to confer jurisdiction upon that court.

*Decree affirmed. To be certified to the probate court for the district of Chittenden.*