[L. A. No. 1070. In Bank.—June 13, 1903.]

IDA V. STAMBACH, Respondent, v. FRANK N. EMER-SON, Executor of Will of William Calder, Deceased, et al., Respondents. THEO. WOODS, Intervener, Appellant.

ESTATES OF DECEASED PERSONS—ORDER FOR MORTGAGE OF REAL ESTATE —JURISDICTION.—The superior court having jurisdiction over the estate of a deceased person has power to make an order authorizing the mortgage of real estate, either to pay debts, legacies, or expenses of administration, and it is not essential to the jurisdiction that the order shall include the payment of all debts.

ID.—ERROR—PAYMENT OF PRESSING CLAIMS—OMISSION OF CLAIM NOT PRESSING—COLLATERAL ATTACK—ACTION TO FORECLOSE MORTGAGE. —Any error in the exercise of jurisdiction in authorizing a mortgagee to pay only certain pressing claims against the estate does not render the order void, and can only be corrected upon appeal. Such error cannot be made the ground of a collateral attack upon the order by a creditor who did not press the payment of her claim in an action.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion of the court.

Paul R. Wright, William G. Griffith, and Henry P. Starbuck, for Intervener, Appellant.

Richards & Carrier, and Canfield & Starbuck, for Respondents.

ANGELLOTTI, J.—This action was brought by the plaintiff to foreclose a mortgage made by defendant Frank N. Emerson, as executor of the will of William Calder, deceased, under an order of the superior court of the county having jurisdiction of said estate. Defendant Agnes Lee Emerson, sole devisee under the will of deceased, joined in the execution of said mortgage. The intervener was an unsecured creditor of the deceased, whose claim had been duly presented, allowed, and filed prior to the making of the mortgage order, and remains, in part, unpaid. The lower court found for the plaintiff, and decreed a sale of the mortgaged

premises to satisfy the mortgage. The intervener alone appeals from the judgment in favor of plaintiff.

The contention of appellant is, that the probate court had no jurisdiction to make the order authorizing the executor to execute the mortgage, and the mortgage should therefore be declared void, in so far as it affects her claim against the estate. This contention is based upon the claim that the petition presented by the executor for the order authorizing the mortgage did not show a purpose for which such a note and mortgage could, under the statute, be made. At the time of the filing of the petition for the mortgage order, there had been presented, allowed, and filed four claims against deceased,—viz., claim of Richard Hails for $1,000, secured by mortgage; claim of First National Bank of Santa Barbara for $1,000, bearing interest at the rate of nine per cent per annum; claim of Santa Barbara Savings and Loan Bank for $1,000, bearing interest at the rate of ten per cent per annum; and the claim of Theo. Woods, the intervener, for $1,500, bearing interest at the rate of nine per cent per annum. Intervener's claim has since been reduced by payment to $500 and $130 interest. No other claims were ever presented, and there is no claim that the estate was not solvent.

The petition stated that the purpose for which it was proposed to make the note and mortgage was to pay the claims of the two banks, it being shown thereby that said creditors demanded payment thereof; that petitioner had no funds in his hands wherewith to pay them; and that to force a sale of any portion of the realty at that time would be detrimental to the interests of said estate. It was further stated in the petition that the only other unsecured creditor, the intervener here, did not require immediate payment of her claim. The only claim now existing against the estate other than that of the intervener is that of the plaintiff on the mortgage in suit.

The only point made against the sufficiency of the petition is, that the purpose for the making of the note and mortgage was stated to be the payment of two specified claims which were unsecured, and not the payment ratably of all unsecured claims. Appellant's attack upon the mortgage

order is collateral, and must fail, unless that order was absolutely void.

It may be assumed for the purposes of this case that the superior court having jurisdiction of the estate has no authority to order the execution of a mortgage in the absence of a verified petition showing, among other things, that the purpose for which it is proposed to make the same is one authorized by the statute. But we are of the opinion that a petition which shows that the purpose is to obtain the money wherewith to pay a debt of the deceased sufficiently shows a purpose authorized by statute to clothe the court with jurisdiction to make the order. The statute provides that the petition shall state the particular purpose, which shall be "either to pay the debts, legacies, or charges of administration, or to pay, reduce, extend, or renew some lien or mortgage already subsisting on said realty or some part thereof." (Code Civ. Proc., sec. 1578, subd. 1.) This language was intended simply to designate the various objects for which a mortgage binding the property of the estate may be given, to the end that the court should not impose a lien for some purpose not included within the proper functions of the administration of the estate. It is necessary, before there can be any final distribution of the realty, that the expenses of administration, debts of deceased, and legacies be paid. It was to confine the authority to mortgage to these general purposes that the language was used, and the subdivision should be read precisely as if the word "the" were omitted, and the statute was "which shall be either to pay debts, legacies, or charges of administration." Reliance is placed by appellant upon certain provisions of our code regulating the order of payment of debts. These various sections control the probate court in the exercise of its jurisdiction, in the matter of the payment of debts of the estate, and a disregard thereof would be error, reviewable on appeal taken by any person interested. But the court has *jurisdiction* to make an order erroneously preferring one creditor to another, and its action in so doing is only error in the exercise of jurisdiction, and cannot be collaterally attacked. And if it be true that the effect of the order authorizing the mortgage in the case at bar was to erroneously prefer certain

creditors of the estate, the action of the court could be reviewed only on appeal from the order. The intervener had notice of the mortgage proceeding in the probate court, and could have appeared therein and contested the application, and could have appealed to this court in the event that her contest had been overruled. Instead of so doing, in the face of an allegation in the mortgage petition that she did not require immediate payment of her claim, she remained silent and allowed plaintiff to advance two thousand dollars for the payment of debts of the estate. While this is not material to the question of jurisdiction to make the mortgage order, it shows that there is no great equity in appellant's position.

The judgment is affirmed.

McFarland, J., Van Dyke, J., Shaw, J., and Lorigan, J., concurred.

Rehearing denied.