[No. 4.   Sac. No. 1367.   Third Appellate District.—May 31, 1905.]

In the Matter of the Estate of EMMA KOPPIKUS, Deceased. HENRY G. KOPPIKUS, Appellant, v. C. M. FITZ-GERALD, Executor, Respondent.

ESTATES OF DECEASED PERSONS—PETITION FOR DISTRIBUTION—PROCEEDING TO SELL REALTY.—While a proceeding for the sale of the real estate of a deceased testatrix is pending, in order to pay charges and funeral expenses, a petition by a sole heir for distribution of his share of the entire estate was properly denied.

ID.—PARTIAL DISTRIBUTION.—It was proper for the court to order a partial distribution of personal property under the provisions of the will.

ID.—CARE OF BURIAL LOT—IMPROPER ENFORCEMENT OF UNCERTAIN PROVISION IN WILL.—A part of the decree purporting to enforce an uncertain and indefinite provision in the will for an expenditure for care of a burial lot, which is not susceptible of enforcement, will be reversed.

APPEAL from an order, decree, and judgment of the Superior Court of El Dorado County.   M. P. Bennett, Judge.

The facts are stated in the opinion of the court.

C. E. Peters, for Appellant.

George H. Thompson, for Respondent.

BUCKLES, J.—The appellant, Henry G. Koppikus, filed a petition as the only heir at law asking to have distributed to him the sum of twenty-five dollars, which is a specific devise in the will of deceased to Elmer Koppikus and assigned to petitioner, and asking the court to make an order distributing to him the share of said estate to which he is entitled.

Josephine Doyle, a legatee, petitions the court at the same time for an order distributing to her a certain diamond cluster cross which was devised to her by the said last will.

These petitions were heard together and the court by its order decreed that the said twenty-five dollars be distributed to the said Henry G. Koppikus, and that the said certain diamond cluster cross be distributed to the said Josephine Doyle, and this part of the order, decree, and judgment is affirmed.

That part of the petition of the said Henry G. Koppikus asking a distribution to him of his distributive share of said estate was denied, on the ground, as we understand, that there was then pending an application for sale of the real estate to raise the funds necessary to pay charges and funeral expenses, and therefore no distribution of the kind asked could be made. We have this day affirmed the order of sale of real estate in said matter (No. 3 Sac. No. 1366, *ante,* p. 84).

The order, decree, and judgment are therefore affirmed as to the part denying distribution.

The order, decree, and judgment contains the following recital: "It is further adjudged and decreed that the expenditure of one hundred dollars for the care of said lot for at least 25 years, if such expenditure can be made by the executor with adequate security that such care will be bestowed upon the said lot for said period, will be a legal expenditure of the funds of said estate and in compliance with the direction of said will."

This provision, being based upon what we deem a direction of the will which cannot be enforced because of being uncertain, and the decree itself making the enforcement more uncertain and indefinite, is reversed.

As so modified the order, decree, and judgment are affirmed.

Chipman, P. J., and McLaughlin, J., concurred.