[No. 22.   First Appellate District.—June 1, 1905.]

In the Matter of the Estate of N. D. THAYER, Deceased. M. J. LAYMANCE, Appellant, v. DENTON UTTER, Executor, Respondent.

ESTATES OF DECEASED PERSONS—ORDER SETTLING FINAL ACCOUNT—APPEAL—RECORD—DOCUMENTS NOT EMBODIED IN BILL OF EXCEPTIONS—JURISDICTION.—Upon appeal from an order settling the final accounts of an executor, where the record contains only the order settling the account, without a bill of exceptions, documents printed in the transcript consisting of a decree of partial distribution, a notice of appeal therefrom, and a *remittitur* reversing the decree, filed after the order settling the account, cannot be considered as showing that the court had no jurisdiction to settle the final account pending such appeal.

ID.—ACCOUNT NOT IN RECORD—PRIOR PARTIAL DISTRIBUTION—PRESUMPTION—JURISDICTION PENDING APPEAL.—A decree settling the final account of an executor does not necessarily involve any question respecting the distribution of the estate; and where the account does not appear in the record, but only the order settling it, it must be presumed to contain no account of any payment made under a prior decree of partial distribution appealed from, but only accounts of receipts and payment of debts of the decedent and expenses of administration, of which the court would have jurisdiction regardless of such appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the first account of an executor.   Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

A. A. Sanderson, for Appellant.

James H. Boyer, for Respondent.

HALL, J.—This is an appeal by M. J. Laymance, who is described in his notice of appeal as "a party in interest in said estate, and assignee of Mary L. Flick, one of the legatees and devisees under the last will and testament of said N. D. Thayer, deceased," from an order settling the final account of the executor.

The transcript contains no bill of exceptions or statement authenticated in any way by the judge of the trial court, but contains certain documents certified to by the clerk, as follows:—

1. A decree of partial distribution to M. J. Laymance, dated and filed February 27, 1903.

2. A notice of appeal by the executor and certain legatees from said decree, dated and filed March 6, 1903.

3. The order settling the final account of the executor, dated and filed April 15, 1904, (which is the order from which this appeal is prosecuted).

4. *Remittitur* (setting out judgment of supreme court reversing decree of partial distribution), dated April 11, 1904, and indorsed "Filed April 16, 1904."

5. Notice of appeal, filed June 14, 1904, and the certificate of clerk that an undertaking on appeal in due form was filed.

Appellant in his brief states that "The sole question involved in and by this appeal concerns the power and jurisdiction of the said superior court to make and enter an order in said estate, settling and allowing the final account of the executor *prior* to the filing of the said *remittitur* in the superior court."

We are of the opinion that such question is not properly presented by the record before us. It has been held that the judgment-roll on an appeal from an order settling the account of an executor consists of the petition and account, and reports accompanying same, objection and exceptions thereto (if any), findings of the court (if any), and order settling account. (*Estate of Isaacs*, 30 Cal. 106; *Estate of Page*, 57 Cal. 238; *Miller* v. *Lux*, 100 Cal. 609, [35 Pac. 345, 639].) The only one of these documents contained in this transcript is the order settling the account, and while there are also set forth a decree of partial distribution, a notice of appeal therefrom, and the *remittitur*, they are not contained in a

bill of exceptions, as required by rule XXIX. (See, also, *Nash* v. *Harris*, 57 Cal. 242; *Herrlich* v. *McDonald*, 80 Cal. 472, [22 Pac. 299].) We therefore on this appeal can properly take notice only of the order settling the account, which on its face does not disclose the fact relied on as showing that the court had no jurisdiction to settle the account.

But if it be conceded that on the record before us we may examine the various documents contained in the transcript, we are of the opinion that the court had jurisdiction to settle the account.

The matter of settling the final accounts of an executor or administrator does not necessarily involve the matter of distribution of the estate at all. Distribution of the estate to the heirs or legatees may take place upon the settlement of the final account or at any subsequent time. (Code Civ. Proc., sec. 1665.) One or the other of these is the usual course, though the law allows under certain conditions a partial distribution before the settlement of the final account. (Code Civ. Proc., secs. 1658, 1661.) A perfected appeal "stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein; . . . but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from." (Code Civ. Proc., sec. 946.) Upon an order simply settling a final account no matter concerning the distribution of an estate would be necessarily determined. The account rendered in this case is not in the transcript, and we must therefore assume that it contained no account of any payment made under or in connection with the order of partial distribution, but only accounts of receipts and payments of debts of decedent and expenses of administration, which are matters proper to be considered in a final account. These matters are not affected by or embraced in a decree of partial distribution. It certainly is not shown that the court, by its order settling the final account of the executor, determined any matter that it did not have jurisdiction to determine at that time. It in no way appears that any payment under the decree of partial distribution, or any expense incurred in connection therewith, was presented by the final account.

Though a decree of distribution and a decree settling a final account are sometimes embraced in one decree of court, the

decree settling a final account need not necessarily in any way affect the manner of the distribution of the estate.

The decree settling final account is affirmed.

Cooper, J., and Harrison, P. J., concurred.