## In re GENTRY'S ESTATE.

No. 21024. Opinion Filed July 12, 1932.

Breeden & Breeden, for plaintiff in error.

Sam P. Ridings and J. C. McClelland, for defendant in error.

RILEY, J. One Curtis Gentry died intestate on or about July 23, 1924, at Lake Worth, Fla., of which state he was a resident. Said deceased left certain real estate consisting of 160 acres of land located in Grant county, Okla. He left surviving him, Bettie Gentry, his widow, five sons, and three daughters. One of the daughters, Maude, who died before these proceedings were commenced, had married one Ennis Combs. She left surviving her, her husband and several children.

Bettie Gentry, widow of said Curtis Gentry, filed a petition for letters of administration, but the record does not show that she was appointed. However, she collected rent from the farm up to and including the year 1926. About March 10, 1927, Ennis Combs was appointed administrator, and qualified as such. On May, 1927, Bettie Gentry, by general warranty deed, conveyed an undivided one-third interest in the farm to Dan Midgley, and about the same time four of the children of Sam Curtis, by warrant deed, conveyed their respective one-twelfth interests in said land to Dan Midgley, so that he became the owner of an undivided two-thirds interest therein.

In February, 1928, while the administration proceedings were still pending in the county court, Midgley commenced an action in the district court for partition of said land. Combs, as administrator,, filed his answer, in which he showed that he had rented

the land and collected the rent for the year 1927, but that there were insufficient funds to pay the debts, claims, and expense of administration, and for that reason the estate had not been closed; that he had leased the land for the year 1928, up until the 1st day of August, and that it would take the rent accruing up to that time to provide funds sufficient to enable him to close the estate. He prayed that in any judgment rendered in the partition action he be protected in the rents and profits of the land up to August 1, 1928. He filed a separate answer as an individual wherein he set out that he had become the owner of an undivided one-twelfth interest in the land by purchase from Deland Gentry, a son of Curtis Gentry, deceased. He joined in the petition for partition.

On April 4, 1928, the district court entered its decree of partition, which, among other things, provided:

"* * * and the court further finds that the said defendant Ennis Combs, as administrator of the estate of Curtis Gentry, deceased, is administering as such administrator on the estate of said deceased in the county court of Grant county, Okla., and that due notice has been given to creditors in said proceedings, and the time has long since expired that claims could be filed therein, and that no claims have been filed in said estate and that said estate is ready to be settled and distributed, and the court further finds that it has been necessary and will be necessary, in order to pay the costs and expenses of administration, to use a portion of the rents and profits from said real estate for the years 1927 and 1928, and the court further finds that the plaintiff, Dan Midgley, was the owner of an undivided two-thirds (2/3) portion of said real estate for the said seasons of 1927 and 1928, and the court further orders that the said administrator, in so settling said estate, use sufficient of said rents and profits to pay the expenses necessary in closing the said estate, and that in so settling and rendering his account to the county judge in such settlement, that the amount of such rents and profits be stated and determined, and that any portion of the two-thirds (2/3) interest of the said Dan Midgley of such rents and profits, which may be used and expended in the settlement of said estate, shall be a legal charge against and may be recovered by the said Dan Midgley of any other property or assets belonging to said estate, and that in case there is any other money or property available in the distribution of said estate, that said sums so due the said Dan Midgley shall be ordered refunded and paid to him."

Commissioners were appointed to partition the land or appraise same in case they should decide it could not be partitioned in severalty without manifest injury. The Commission found that it could not be so partitioned and appraised same at $14,000. Midgley and Ennis Combs each filed their offer to take the land at its appraised valuation.

Thereafter the land was advertised and sold by the sheriff, and Midgley became the purchaser, the sheriff's deed being executed June 14, 1928.

Thereafter, on January 8, 1929, Ennis Combs, as administrator, filed his final account and petition for distribution, wherein it was shown that the amount of rent collected by him was, for the year 1927, $651.18, and for the year 1928, to August 1, $779.34, and that he had received from Bettie Gentry from rents collected by her for the years prior to 1927, $330, and certain certificates of deposit in a failed bank in Florida, payable one each three months, amounting to $491.70, and cash from said bank for one certificate that had matured, in the sum of $98.39, a total in cash of $1,813.49, and the $491.70 in unpaid certificates of said bank. It showed total necessary expense of administration, and taxes paid out and certain repairs made on the farm, amounting to $1,422.53, leaving in his hands for distribution the sum of $390.99, in cash and certificates of said bank, amounting to $491.70, and showing that the land had been taken over and sold in the partition proceedings.

The county court approved the account and found that Midgley, as grantee of the widow and four children of Curtis Gentry, was entitled to two-thirds of all the rents collected by the administrator; that Deland Gentry and Vernay Derby, two of the heirs, who inherited a one-twelfth interest in the farm, had conveyed their interest in the estate to Ennis Combs, and that he as their grantee was entitled to one-sixth of the assets; that Bulah Bicknell, one of the heirs, was entitled to one-twelfth, and that the children of Maud Combs, deceased, were each entitled to 1/112 of said assets.

The county court found that the administrator had collected rents amounting to $1,-395.15 for the years 1927-28, and had used $1,004.19 thereof in paying the debts and expense of administration. The order of the county court then provided:

"But the objector offers in evidence a judgment of partition in the district court which this court construes as binding on this court to turn said assets over to the objector to reimburse him for two-thirds of

tho rent for years 1927 and 1928, which would have gone to him as owner by purchase of two-thirds of the land, if same had not been taken by the administrator.

"It is therefore adjudged and decreed by the court, that due and legal notice to creditors was given and that the time for filing claims had expired and all claims not presented and filed are barred by statute.

"That the final account is hereby settled and allowed as made and the court decrees the heirs to be as above named in the findings herein, but in lieu of distributing the balance of the assets as provided in the peition for distribution, the administrator is ordered to deliver said assets to Dan Midgley, objector, in compliance with the terms of the decree of the district court in the partition action and the estate is adjudged closed and the administrator will be discharged upon his filing a receipt for said rents."

Combs, as administrator and as an individual, appealed to the district court. There the order and decree of the county court was, in substance, affirmed, and the cause was remanded to the county court, with directions to carry out the former order of the court. From this decree and order, Combs, as administrator, and those representing the one-third interest in the estate appeal.

Section 1256, C. O. S. 1921, provides:

"All the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. And the property, personal and real, may be sold as the court may direct, in the manner hereinafter prescribed. There shall be no priority as between personal and real property."

And section 1218, C. O. S. 1921, provides:

"The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate, * * * until the estate is settled or delivered over by order of the county court to the heirs or devisees; and he must keep in good tenantable repair all houses, buildings, and fixtures thereon, which are under his control. * * *"

Under the provisions of such a statute, it is generally held that the administrator has the right to the possession of the real as well as the personal estate, and may receive all rents and profits of the real estate until the estate is settled up and delivered over to the heirs by order of the probate court, but that this does not change the title which vested in the heirs, subject to the right of possession by the administrator. Re Woodworth, 31 Cal. 595; Miller v. Hoberg, 22 Minn. 249.

In re Washington v. Black (Cal.) 23 P. 300, it is held:

"The rents and profits of a testator's land accruing after his death are assets of his estate, under Code Civil Proc. Cal. § 1452, providing that the executor is entitled to receive the rents and profits of the real estate until the estate is settled, or until delivered by order of the court to the heirs or devisees."

By section 13, art. 7, of the Constitution, the county court is given original jurisdiction in probate matters, including the power to grant letters of administration and transact all business appertaining to the estates of deceased persons, including the sale, settlement, partition, and distribution of the estate thereof.

The original jurisdiction in such matters is exclusively in the county court. The jurisdiction of the district court in such matters is appellate only. Section 16, art. 7, Constitution.

The rents and profits from the land in question being a part of the assets of the estate of Curtis Gentry, deceased, and applicable to the payment of the debts and expenses of administration, the administrator was entitled to collect the same until the estate was closed and settled and the land turned over to the distributees by order of the county court without let or hindrance by the district court in the partition proceedings.

The district court was without power or jurisdiction, in the partition proceedings, to direct the administrator in the matter of application of the rents and profits to the payment of expense of administration. These matters are properly before the district court only on appeal. If an action in partition can be maintained in the district court during pendency of administration in the county court, it is clearly subject to the contingency of the destruction or impairment of the purchaser's title if the property is found to be required to satisfy the decedent's debts or the expense of administration. 30 Cyc. 198; 47 C. J. 335.

In Rippe v. Weiters (Kan.) 153 P. 536, it was held:

"A purchaser at a partition sale of lands belonging to the heirs of the deceased owner takes title subject to general claims against

the estate which cannot be realized out of the personal property."

And in Thomas v. Williams (Kan.) 103 P. 772, it is held:

"One who buys land in this state from the devisees, seven years after the death of the testator, while a resident of another state, is not protected as an innocent purchaser against proceedings thereafter brought to subject it to the payments of debts of the estate."

In the opinion, it is said:

"Price, the purchaser of the land, stands upon no better footing than the devisees. He knew that his grantors acquired title through the will of Wm. E. Jones and was presumed to know that under the law the property might be charged with the payment of any indebtedness of Jones owing to a creditor who had not lost his remedy by inaction."

When Midgley purchased the two-thirds interest in the land, he stood upon no better footing than did the heirs from whom he purchased. He knew that they acquired title through Curtis Gentry, deceased, and was presumed to know that the land, together with the rents and profits, might be charged with any indebtedness of Curtis Gentry and the expense of administration. Therefore, he was entitled to only two-thirds of the rents and profits after the payment of the expense of administration.

The county court was not bound, as the judge thought, by the order of the district court requiring the administrator to reimburse Midgley in full for his two-thirds of the rents for the years 1927 and 1928.

The assets remaining in the hands of the administrator should be distributed, two-thirds to Midgley and one-third to appellants.

The judgment is reversed and the cause is remanded for further proceedings in accord with the views herein expressed.

CLARK, V. C. J., and HEFNER, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and McNEILL, J., absent. SWINDALL, J., not participating.