[Civ. No. S. C. 57.   Second Appellate District, Division One.—September 20, 1937.]

In the Matter of the Estate of DAVID THOMAS GARRETT, Deceased.   WILSON T. GARRETT, Administrator, etc., Appellant, v. J. E. LANNAN, Respondent.

Joseph M. Maltby for Appellant.

George I. Devor and J. F. Goux for Respondent.

HOUSER, P. J.—From the record herein it appears that Wilson T. Garrett was the administrator of the estate of David Thomas Garrett, deceased, and that as such administrator he filed his final account for settlement thereof and at the same time prayed for distribution of the estate. On the hearing of such petition, by minute order the account was ordered "settled"; but the matter of distribution of the estate was postponed for determination for a considerable period thereafter.   Before distribution of the estate was

ordered, respondent herein, who was a creditor of the administrator, caused a writ of garnishment or attachment to issue and to be duly served with respect to the fees which had been allowed to the administrator, in pursuance of which, in ordering distribution of the estate, the probate court in effect directed that the administrator's fees be paid by him to the sheriff of the county, "subject to the rights of the aforementioned attaching creditor and said Wilson T. Garrett therein and thereto, and said attaching creditor, J. E. Lannan, and said Wilson T. Garrett, said Administrator, will be hereby ordered and remitted to whichsoever Court may be a Court of competent jurisdiction in this matter for a determination therein and thereby of their respective rights and priorities in and to the said fees. . . . IT IS FURTHER ORDERED that any and all fees payable or to be paid to Wilson T. Garrett as Administrator of and in the above entitled Estate shall be, and the same are hereby ordered, paid to the Sheriff of San Bernardino County, California, the officer attaching the same as aforementioned, subject to the rights of the aforementioned attaching creditor and said Wilson T. Garrett therein and thereto, and said attaching creditor, J. E. Lannan, and said Wilson T. Garrett, said Administrator, are hereby ordered and remitted to whichsoever Court may be a Court of competent jurisdiction in this matter for a determination therein and thereby of their respective rights and priorities in and to the said fees.''

It is from such part of the order of distribution that the administrator, as such, has appealed to this court.

As this court understands appellant, his ultimate contention is that at the instant when, by order made by the probate court and entered in the minute book thereof, his final account was "settled", his right of ownership to the amount that was stated in his account as being due to him on account of services that theretofore had been rendered by him as administrator was thereby fixed and determined; and that thereafter in order to invest him with authority to withdraw from the assets of the estate and appropriate to his own use the amount thus "settled", no further order by the probate court of distribution of the estate, which order might or should include a direction to him to pay to himself the amount thus determined, was at all necessary. To that end and as a foundation for his said contention appellant has

presented authorities to the effect that: "Administrator's fees are an expense of administration and belong in the account. (*Estate of Magorty*, 169 Cal. 163 [146 Pac. 430].) The account and petition for distribution are distinct and separate items, and the account can be settled and distribution postponed. (*Estate of Thayer*, 1 Cal. App. 104 [81 Pac. 658].) A minute order is sufficient for the settlement of an account, and it is not necessary that a formal written order be made on the date of hearing. (*Estate of Sanderson*, 74 Cal. 199, at 216 [15 Pac. 753].)"

However, appellant cites no authority, nor does he favor this court with any argument that would sustain his bare statement to the effect that when an administrator's account has been "settled" no direct order by the court is necessary to at once divest the estate of, and to invest the administrator with, the amount fixed in the account as fees that may have been earned by the administrator acting as such. But, without deciding that question, even though it be conceded that the minute order by which the account was "settled" was sufficient in itself and that without any other order of the court the administrator thereupon had authority to pay to himself in his individual capacity fees which thus had been "allowed" to him, still the record fails to reveal the fact that he ever did any such thing. As far as thus appears, the amount of such fees remained intact in the assets of the estate and was held by the administrator in his official capacity as such an asset. In principle, the situation in that regard did not differ from that which might exist between an employer and an employee, the latter of whom has performed services, but whose compensation has not been paid. Nor in effect is any difference discernible between the facts in the instant matter and a situation wherein it might appear that a corporation had declared a dividend on its outstanding stock but had not paid such dividend to one of its stockholders. In the one case the employee has earned his salary but it remains in the possession of his employer; and in the other, although not actually paid to the stockholder, ordinarily he has an unqualified right to the amount of the declared dividend. In the absence of statutory exemption from execution, it would seem unlikely that any legal reason would prevent a creditor of the employee from levying upon the salary that was due to the employee; or, in the other case,

that would preclude a creditor of the stockholder from attaching the amount of the dividend that was due to the stockholder.

But in the instant matter, aside from what may be the law with reference to the ultimate rights of the interested parties, an examination of that part of the order from which the appeal is taken reveals the fact that other than a direction by the probate court by which the amount of the fees of the administrator was ordered to be impounded, no order was made with respect to a determination of the question that is here presented. As hereinbefore has been indicated, all that was ordered by the probate court in effect was that the fees should be held by the sheriff in trust until a proper determination of the rights of the respective parties could be adjudged by "a court of competent jurisdiction". Consequently, other than a possible objection on the part of the administrator that the probate court had exceeded its authority in directing that his fees be impounded (of which direction no criticism is made), the order contained nothing of which he had a legal right to complain. Apparently the prevailing question in the mind of the judge of the probate court was whether the probate court, as such, had jurisdiction of the legal question that was presented to it for determination, which question, as appears from the order, was reserved for future consideration.

The motion to dismiss the appeal is denied without prejudice. The order or "judgment" is affirmed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 15, 1937.