In re COOK'S TRUST.

No. 30666. March 16, 1943.

*135 P. 2d 492.*

R. M. Mountcastle, of Muskogee, for protestant.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, for Oklahoma Tax Commission.

HURST, J. Carl K. Bates, trustee of the estate of Annie Severs Cook, deceased, appeals from an order of the Oklahoma Tax Commission assessing income taxes against said trust estate.

The facts are not in dispute. Mrs. Cook died testate leaving an estate of some $350,000. On November 8, 1937, her will was admitted to probate in Muskogee county. By the terms of the will, I. H. Mertz was appointed executor of the will and also trustee of the estate, and the bulk of the estate was devised to Mertz in trust for four named beneficiaries, and Mertz was given the authority, in his discretion, to pay out of the income of the estate such sums to the beneficiaries as he deemed proper for their suitable support and maintenance. Mertz duly qualified as such executor, and served until November 17, 1939, when he was removed by order of the county court and Bates was appointed administrator with the will annexed. Soon after the will was admitted to probate, Mertz filed a claim against the estate for $96,114. The claim was contested and other litigation between Mertz and the beneficiaries ensued. From a judgment of the district court against Mertz removing him as trustee (though it is stipulated in this proceeding that Mertz had never qualified as trustee) and disapproving his claim and appointing Bates successor trustee, an appeal was filed in this court and a decision was rendered in 1942. See Mertz v. Owen, 191 Okla. 77, 126 P. 2d 720. Because of the pendency of this litigation, the estate could not be, and was not, settled and vested in the trustee as directed in the will. On April 29, 1940, Bates qualified as such trustee by filing his oath of office and a $5,000 bond as directed by the district court. However, no part of the estate was ever actually transferred to him as such trustee.

During 1938, Mertz as such executor paid to the beneficiaries of said trust $3,531.54. Bates as such administrator paid the beneficiaries $150 during 1938, $4,475 during 1939, and $10,550 during 1940. These payments were made direct to the beneficiaries pursuant to orders of the county court entered in the probate cause, and with the consent of all interested parties. The legality of such payments is not here questioned. It is on these payments that the income tax involved in this appeal were assessed against the trust estate.

The sole question presented is whether, for tax purposes only, said sums were constructively, though not actually, paid to the trustee so as to constitute taxable income of the trust.

The Tax Commission contends that this question should be answered in the affirmative. It says that the trustee was the sole devisee of the trust estate, and the beneficiaries had to look to the trustee, not to the executor or administrator, for payments under the will, and

that in law the payments were constructively, if not in fact, made to the trustee. It says that if the same person had not, for a good portion of the three years, occupied the dual position of executor or administrator and trustee, the payments would have actually been made to the trustee and by him distributed to the beneficiaries of the trust.

We are of the opinion, and hold, that the trust estate is not liable for the tax. The duties of the executor or administrator are separate, distinct, and independent from his duties as trustee. Jones v. Broadbent, 21 Idaho, 555, 123 P. 476. During the course of administration in the probate cause, the executor or administrator was charged with all the property of the estate and was subject to the orders of the county court in the control and distribution of the estate and disbursement of the funds. 58 O. S. 1941 §§ 290, 522; Nolan v. Mathis, 147 Okla. 155, 295 P. 801; In re Gentry's Estate, 158 Okla. 196, 13 P. 2d 156. Until the county court makes an order for partial or final distribution of the estate of a decedent (58 O. S. 1941 §§ 624, 631), the executor or administrator is without authority to deliver any of the estate to a trustee, and until distribution is made of part or all of the estate the trustee has no duties to perform, and this is true even where, as here, the same individual is both executor and trustee. In re McDermid's Estate, 109 Ore. 633, 222 P. 295. Here not only was no part of the estate distributed to the trustee during the three years, 1938, 1939, and 1940, but until April 29, 1940, when Bates qualified as trustee, there was no trustee, who had qualified and had authority to accept any of the property.

It is pointed out in Law of Federal Income Taxation, by Paul & Mertens, vol. 1, page 437, § 9.01 (on which the Tax Commission relies), that "the simplest cases of constructive receipt are those in which '(1) the taxpayer is immediately entitled to money; (2) the money is immediately available to him; and (3) his failure to receive it in cash is due entirely to his own volition.'" The same authors (vol. 1, § 9.05) also point out that the theory of constructive receipt of income "must be sparingly and cautiously applied. It is only in unique circumstances and a clear case that the doctrine should be invoked. . . . If the taxpayer is to be deemed in constructive receipt of income, the essential point is that he must have an unqualified right to the use and enjoyment of the money and other property deemed to be income. There must be no strings on the taxpayer's right to receive and do with the income as he pleases." And the same authors (vol. 1, § 9.08) say that "Indefiniteness as to amount and contingency as to receipt preclude the idea of constructive receipt." It is clear that these requirements are not present in the instant case, since there could have been no funds or property of the estate lawfully delivered to the trustee without an order of the county court, and no such order was made.

GIBSON, V. C. J., and BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., dissents. CORN, C. J., and RILEY, J., absent.