Appeal from an order of a partial distribution made by the District Court of Salt Lake County.
By the terms of the will of John C. Howard, hereinafter called deceased, his executors set up four trust funds, one for each of his four children. The will further provided that the corpus of the trust estates was to be paid to the several beneficiaries as they reached the age of 35. Under such arrangement the executors have already distributed one trust estate, and have now been ordered to distribute the second. Kathryn Howard Critchlow, one of the children of deceased and whose trust estate is herein involved, died in February, 1944, after attaining the age of 35 years. She left a will in which she named respondent as executor. At the time of her death she was not a resident of Utah. Subsequently this will was admitted to probate in the District Court of Salt Lake County and respondent, also a non-resident, was confirmed as executor. The executors of the Howard will filed a final account and petition for distribution of the John C. Howard Estate. Respondent filed objections to the account. The executors replied to *Page 299 
such objections. Before hearing upon this account and petition, respondent served notice on the executors' attorneys that he would move the court for an order to turn over to him, as executor of the last will and testament of Kathryn Howard Critchlow, the trust fund provided for her by the will of deceased. No other notice was given as to the time or place of hearing on this motion. After hearing on the account and objections thereto and the petition for distribution, an order was made directing executors to turn over to respondent the corpus of the trust set up for Kathryn Howard Critchlow. The executors appeal, assigning as grounds for reversal:
1. That the District Court erred in ordering the trust fund or part thereof turned over to respondent before the completion of hearing on and settlement of the executors' accounts.
2. That in ordering any property of the Kathryn Howard Critchlow estate turned over to respondent, the court erred because:
(a) The court, sitting in probate, had no jurisdiction to admit to probate the will of Kathryn Howard Critchlow, a non-resident of the state, since said will had not been proved and admitted to probate in the domiciliary state of the testator;
(b) That the respondent, being a non-resident of this state, was incompetent under the statute to serve as executor. We note them seriatim.
1. In considering this question, the basic facts should be kept clearly in mind. The will of deceased, after a few specific bequests, vested the title to all property of the estate in the executors in trust for the benefit of the children. It did not create and set up the trust funds herein referred to for each of the children. It directed the executors to set up from the estate, a trust fund of not less than $125,000 in favor of each child of deceased; that the corpus of each trust was to be paid over to the beneficiary upon her attaining the age of 35 years; the will declaring that upon the *Page 300 
transfer to such daughter of her interest in the trust, "the supervision and control of my executors over such trust shall thereupon cease." In 1941, the executors set up on their books, under the name of each daughter, a trust account listing thereon the cash, stocks and bonds which they thereafter in their accounts listed and denominated the trusts provided by the will; and in that year the executors filed their report and account with the court and asked authority and decree of court to distribute and pay over to the oldest child, who had attained the age of 35 years, the stocks, bonds and cash listed in their account as the Mary Howard Roberts trust. Upon hearing, the court approved the account and ordered distribution of the listed property to Mary Howard Roberts. In due course the executors filed with the court their "Final Account and Petition for Distribution of the Estate" wherein, inter alia, they listed the four trusts as the executors had set them up on their books, showing the cash, stocks and bonds allotted to each; their doings as executors, including receipts and disbursements and the prior distribution of the Roberts trust; and prayed for approval of their final account and for distribution of the estate. Since Kathryn Howard Critchlow had attained the age of 35 years, and was now deceased, they asked the court to determine to whom the property in Kathryn's trust account should be distributed; and that the property in the two other trust accounts be distributed to themselves as trustees, and the estate be closed. To this final account objections were filed by respondent. Before hearing on the account and objections thereto, without notice to anyone except the attorneys for executors, respondent filed a motion for an order directing the executors to forthwith turn over to him all property listed in the Kathryn trust account, even though he had filed objections to some of the items in that account. Upon this motion, after some hearing as to the accounts, the court ordered the executors to turn over to respondent a goodly portion of the property listed in the Kathryn trust account. To review that order the matter is brought here. *Page 301 
All of the property here involved passed into the possession and control of the executors under the will of John C. Howard, deceased, by virtue of their position as such executors. The will directed that they set up certain trusts for the benefit of the children of deceased, and the executors 1-8 were authorized to make certain expenditures from the trusts for purposes provided by the will. The will clearly contemplated that the executors of the will should administer the trusts until distribution to the cestui que trust after she attained the age of 35 years, at which time she was to receive the corpus thereof, or until said fund was distributed to the persons named as executors in the capacity of trustees as such and the executors released. One chosen to execute the directions of will may be given two characters, that of executor and also that of trustee. But the duties of each position are independent of the other. The relation of such person to the estate upon principle must be the same as if one set of duties were delegated to one person as executor, and the other set to another person as trustee. When the same person is charged with both duties, no service is required of him as a testamentary trustee until he has performed his obligation as executor with respect to the property, and secured an order of the probate court permitting him to turn over the property, and relieving him from liability therefor. In re McDermid's Estate, 109 Or. 633, 222 P. 295. And when the same person is named as executor and as trustee he must qualify as trustee before he can exonerate himself as executor.In re Roach's Estate, 50 Or. 179, 92 P. 118; and the fact that both offices are held by one person does not give him in the exercise of one office the power that he has by virtue of the other. Goad v. Montgomery, 119 Cal. 552, 51 P. 681, 63 Am. St. Rep. 145. Executors as such are not trustees of an express trust, and the directions of the will create only such trust as is imposed by the office of executor. In re Estate of Pforr,144 Cal. 121, 77 P. 825. Where the same person is by a will made both *Page 302 
an executor and a trustee and required to execute certain trusts created by the will, his power and duty as a trustee does not begin until as executor he has ceased to have control over the property. Joy v. Elton, 9 N.D. 428, 83 N.E. 875; Goad v.Montgomery, supra. Where trust duties are imposed upon trustees under a will, and such persons are also named executors and qualified as such, they do not assume their position as trustees instead of executors until the court has approved their accounts as executors and ordered a distribution of the property which authorized them to credit their accounts as executors with such property as may be ordered transmitted to their accounts as trustees. In re Higgins' Estate, 15 Mont. 474, 39 P. 506, 517, 28 L.R.A. 116. The executors continue to act as such until they close the estate and cause distribution to be made to themselves as trustees. Then and not until then can their duties as trustees begin. In re Dare's Estate, 196 Cal. 29, 235 P. 725;Tuckerman v. Currier, 54 Colo. 25, 129 P. 210, Ann. Cas. 1914C, 599; Bellinger v. Thompson, 26 Or. 320, 37 P. 714;Id., 26 Or. 320, 40 P. 229; Jones v. Broadbent, 21 Idaho 555,123 P. 476.
"Until the county court makes an order for partial or final distribution of the estate of a decedent, * * * the executor or administrator is without authority to deliver any of the estate to a trustee, and until distribution is made 9 of part or all of the estate the trustee has no duties to perform, and this is true even where, as here, the same individual is both executor and trustee." In re Cook's Trust,192 Okla. 291, 135 P.2d 492, 494.
See also Nolan v. Mathis, 147 Okla. 155, 295 P. 801; In reGentry's Estate, 158 Okla. 196, 13 P.2d 156.
It is evident therefore that the property which the court ordered turned over to respondent was part of the assets in the hands of the executors as such, and 10 therefore the order does not stand as an order to trustees to turn over a trust fund.
The argument is made that the motion of respondent *Page 303 
and the order of the court thereon, from which this appeal is taken, are in reality proceedings for partial distribution and void because no proper petition for 11-18 partial distribution was filed, no proper notice thereof given, and no proper hearing had thereon. It is also argued that there could be no distribution until final accounts had been approved.
This was not directly a proceeding for a partial distribution. This matter came before the court on the executors' final account and their petition for distribution of the estate to the persons entitled to receive the same, and for release and discharge of the executors. Proper notice was given of the filing and time for hearing of both the account and the petition. This constituted notice not only of the hearing of the account and the petition, but of all issues and questions that might arise from objections thereto. All matters involved therein were before the court for hearing and determination. In re Estate of Grant, 131 Cal. 426,63 P. 731; In re Estate of Ryer, 110 Cal. 556, 42 P. 1082. Whether additional notice should be given is a matter within the discretion of the court below, and in the absence of anything to show an abuse of such discretion, the appellate court will not interfere. In re Estate of Jessup, 81 Cal. 408, 21 P. 976, 22 P. 742, 1028, 6 L.R.A. 594. What matters may be adjusted on such hearing? In general, the only items which can properly be settled in an executor's account are matters relating purely to his administration of the estate; payment of debts and charges of administration; but upon the petition for distribution the court, in harmony with its general equitable power, can hear and adjust all matters between the executors and the legatees and distributees, and give the former credit against the latter for all advances made to either under the terms of a will. U.C.A. 1943, Sec. 102-12-9. In re Estate of Willey, 140 Cal. 238,73 P. 998. Jurisdiction of "matters of probate" includes determination of what persons succeed to the estate whether as devisee, legatee, an heir, and the part or amount of the estate to which each is entitled; and the *Page 304 
effect to be given the language of a will. Sec. 102-12-8, U.C.A. 1943. Martinovich v. Marsicano, 137 Cal. 354, 70 P. 459. Settling of final accounts does not necessarily involve the matter of distribution. An order simly settling a final account would not necessarily be a determination of any matter concerning the distribution of the estate. In re Estate of Thayer, 1 Cal.App. 104,81 P. 658. For convenience, the settlement of accounts and distribution of the estate are often to some extent, treated as distinct matters. McAdoo v. Sayre, 145 Cal. 344,78 P. 874. Ordinarily, however, the settlement of the final account must precede the distribution of the estate. Sec. 102-12-7, U.C.A. 1943. In re Estate of Sheid, 122 Cal. 528, 55 P. 328. But it is not all accounts that must be settled before distribution. Statements and receipts of disbursements since the rendition of the final account must be reported and filed but this is not the final account of the executor or administrator. Sec. 102-12-7, U.C.A. 1943. If such accounts were to be settled in advance of order for distribution, it would in many cases prevent any distribution. Sometimes, as in this case, the matter of distribution involves the question as to whom the property is to be distributed. The power to distribute an estate involves the power to determine to whom distribution shall be made. Reformed,etc., Church v. McMillan, 31 Wn. 643, 72 P. 502, 503;Smith v. Westerfield, 88 Cal. 374, 380, 26 P. 206.
In the instant case, the will directed the executors to set up from the property in the estate a trust fund in favor of each of testator's daughters. Such trusts were to be administered and not delivered to the cestui que trust until she became 35 years of age, when she was to be given the corpus of 19-27 the trust. Under the terms of the will, therefore, when the trusts were set up according to law, the daughters became legatees of such property, and would ultimately receive the same — not as heirs under the statutes of succession, but as legatees under testamentary disposition. By the terms of the will there were certain other legacies to be paid after the trusts were *Page 305 
set up and the executors were empowered to make some expenditures from the estate, if funds were available, to relatives of the testator who may be in need; to make a gift to the Boy Scouts of America; to the University of Utah, or the L.D.S. Children's Hospital, as in their judgment might be advisable, and the residue of the estate, if any was to be divided among the four children of testator under the conditions provided in the will; these were payments at the option of the executors and not legacies under the will. The account filed by the executors showed they had on hand the trust legacies which had not been paid, and also a residue of the estate. The account further showed that there were in the hands of the executors apart from and in addition to the trust legacies, ample funds to pay all other charges allowed by the will and debts against the estate and expenses of administration. On this record, although the final account of the executors was not finally settled and allowed, the court granted that part of the petition asking leave to pay to the proper person to be determined by the court the legacy of the trust fund given by the will to Kathryn Howard Critchlow without awaiting the settlement of final account and distribution of the residue of the estate. This was not error. Legacies are to be paid prior to distributing the residue of an estate to heirs or devisees. In re Washburn's Estate, 148 Cal. 64,82 P. 671; Stambach v. Emerson, 139 Cal. 282, 72 P. 991;In re Koppikus' Estate, 1 Cal.App. 88, 81 P. 733. Furthermore, these legacies (the trusts) were by the will made payable at a certain time or event, to wit: the attaining of thirty-five years of age by the legatee, without waiting for the approval of final account for final distribution of the residue. It is too obvious to require authority that if decedent by a will duly probated fixed the terms or times of distribution, such terms govern as far as they are applicable within the mandates of the law. In this case petition for leave to pay over the legacy (distribute the trust) to the person entitled to receive it, was filed, duly noticed, and no objection filed by any one. *Page 306 
Hearing was had, the court determined the proper person to receive and ordered the legacy as far as there was no dispute paid over. Such order was proper. An order for a partial distribution may be made after the administrator or executor has presented his final account but before the same has been allowed where the estate or creditors will not be endangered thereby. Inre Phillips Estate, 18 Mont. 311, 45 P. 222. Neither the executors nor devisees and legatees or any other person having any interest in the estate, appeared at the hearing to in any manner object to the properties involved being set aside and declared to constitute the trust legacy of Kathryn Howard Critchlow. Nor did any one appear to object to the petition that such fund be turned over to the person entitled to receive it. The order as to all such persons became final and conclusive so far as it fixes and allows the legacy. The only matter pertaining to this trust fund which can be the subject of further proceeding below is as to whether the executors shall be allowed to deduct from the fund the items claimed as expenses as to which objections were raised at the hearing. As to those matters, the court only directed payment over of such part of the legacy as to which there was no dispute and permitted the executors to withhold and not turn over ample funds out of the trust to meet any and all points in dispute between the executors and the representative of the Critchlow Estate. In re Murphy's Estate,145 Cal. 464, 78 P. 960. In determining whether a partial distribution can be safely made or whether a legacy can safely be paid over, the probate judge should proceed with great caution, and much must be left to his discretion. Unless it appears that some one having an interest may be prejudiced thereby, his conclusion will not be reversed. In re Estate of Painter,115 Cal. 635, 47 P. 700; In re Estate of Dutard, 147 Cal. 253,81 P. 519. It follows that the court was within its powers in making an order approving the setting up of the Kathryn Howard Critchlow trust funds and setting apart as such fund and legacy the properties listed therein by the executor, *Page 307 
and in directing such portion of the trust fund as is described in said order turned over to the person entitled to receive it for the Kathryn Howard Critchlow estate.
2. Is respondent the person entitled to receive the interest of Kathryn Howard Critchlow in the estate of John C. Howard?
(a) Executors' first argument is that the probate court had no jurisdiction to admit to probate the will of Kathryn Howard Critchlow, a non-resident, because the will had not been probated at the domicile of the deceased. Admittedly, there is a sharp conflict of authority. There are cases holding 28 that probate courts have such jurisdiction in the absence of statutory provisions. Varner v. Bevil, 17 Ala. 286;Arnold v. Arnold, 62 Ga. 627; Parnell v. Thompson,81 Kan. 119, 105 P. 502, 33 L.R.A., N.S., 658; Putman v.Pitney, 45 Minn. 242, 47 N.W. 790, 11 L.R.A. 41; Knight v.Hollings, 73 N.H. 495, 63 A. 38; In re Holden's Estate,110 Vt. 60, 1 A.2d 721, 119 A.L.R. 487; In re Clayson's Estate,26 Wn. 253, 66 P. 410. But in most states this matter is controlled by statute. Sec. 102-1-2, U.C.A. 1943, provides:
"Wills must be proved and letters testamentary or of administration granted * * *
"(2) if the decedent was a nonresident of the state: first, in the county in which he may have died leaving estate therein; second, in any county in which any part of the estate may be, the decedent not having left estate in the county in which he died, or having died without the state. * * *"
This court has never passed upon the question, but the Wyoming court under identical statutory provisions, said In re Smith'sEstate, 55 Wyo. 181, 97 P.2d 677, 682:
"It is held by the great weight of authority under like or similar statutory provision that a will may be admitted to probate in a state other than that of the domicil of the deceased, though it has never been admitted in the latter state; and that the admission to probate in the state of the domicil is not a condition precedent to the admission in another state where the deceased leaves real or personal property. * * *" (Citing numerous cases.) *Page 308 
And again under an identical statutory provision, the California court said In re Estrem's Estate, 16 Cal. 563,107 P.2d 36, 39, quoting from In re Estate of Edelman, 148 Cal. 233,82 P. 962, 113 Am. St. Rep. 231:
"`The court had jurisdiction to grant original probate of the will of the deceased, although a nonresident, since she had left property within this state.' See, also, Dungan v. SuperiorCourt, 149 Cal. 98, 84 P. 767, 117 Am. St. Rep. 119 [9 Ann. Cas. 1017], and In re Estate of Davis, 149 Cal. 485, 87 P. 17."
Other cases to the same effect are Frederick v. Wilbourne,198 Ala. 137, 73 So. 442; Hofferd v. Coyle, 212 Ind. 520,8 N.E.2d 827; Payne v. Payne, 239 Ky. 99, 39 S.W.2d 205;Crippen v. Dexter, 13 Gray, Mass., 330; Bolton v.Barnett, 131 Miss. 802, 95 So. 721; Knight v. Hollings,73 N.H. 495, 63 A. 38; In re Barney's Will, 94 N.J. Eq. 392,120 A. 513, and others in annotation, 119 A.L.R. 497. We conclude therefore that the probate court had jurisdiction to admit the will to probate and resolve this argument against the executors.
(b) Executors' next argument is that even if the district court had jurisdiction to admit the will to probate, it had no power to appoint respondent, a non-resident, as 29, 30 executor, and such appointment is void. Sec. 102-3-15, U.C.A. 1943, deals with competency to act as executor:
"No person is competent to serve as an executor who, at the time the will is admitted to probate, is either:
"(1) Under the age of majority;
"(2) Convicted of an infamous crime; or,
"(3) Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity. * * *"
And more specifically, Sec. 102-3-19, U.C.A. 1943, provides:
"Where a person absent from the state or a minor is named executor, if there is another executor who accepts the trust and qualifies, *Page 309 
the latter may have letters testamentary and administer the estate until the return of the absentee, or until the majority of the minor, who may then be admitted as joint executor. If there is no other executor, letters of administration with the will annexed must be granted; but the court may in its discretion revoke them on the return of the absent executor or the arrival of the minor at the age of majority. This section shall not be construed to prevent the court from appointing as executor any person appointed as such by a court of any other state, territory or foreign country."
The executors argue that while Sec. 102-3-15 dealing with competency does not include a residence requirement, Sec. 102-3-19 must be read in conjunction therewith as imposing this additional qualification. It is argued that the last sentence of the latter section makes the intent clear to exclude non-residents from being appointed executor in this state. Before passing to a consideration of the cases, we note the comparable provision as to administrators. Sec. 102-4-4, U.C.A. 1943, provides that:
"No person is competent or entitled to serve as administrator or administratrix who is either: * * *
"(2) Not a bona fide resident of the state * * *."
There is no doubt as to the legislative intent in this regard. A non-resident is not competent to act as an administrator, and respondent argues, with some force that the legislative intent deducible therefrom is that non-residents may act as executors, since the provision is not that one "not a bona fide resident of the state" is incompetent, but merely that when "a person absent from the state" is named executor, the court shall appoint another to act until the return of the absent person. Note also the language "return of the absent executor," rather than saying until the non-resident executor becomes a resident of this state. This court construed the section In re Love's Estate, 75 Utah 342,285 P. 299, wherein it was held that a non-resident is not disqualified to act as executor, citing In re Estate of Kelly,182 Cal. 81, 186 P. 1041; In re Estate of Brown, 80 Cal. 381,22 P. 233; Hecht v. Carey, 13 Wyo. 154, 78 P. 705, *Page 310 
110 Am. St. Rep. 981; Annotation In re Mulford, 217 Ill. 242,75 N.E. 345, 1 L.R.A., N.S., 341, 108 Am. St. Rep. 249, 3 Ann. Cas. 986; 33 C.J.S., Executors and Administrators, § 28.
We have also held In re Raat's Estate, 102 Utah 482,132 P.2d 136, 139, that:
"The refusal of the trial court to appoint the executor named in the will was error inasmuch as no showing of any disqualification upon any of the grounds specified in Sec. 102-3-15 was made."
That was a case where the ground of disqualification urged was ill will of the petitioner to other heirs, and the court set aside the appointment of an administrator with will annexed, which had been made by the district court on the ground that such situation does not amount to a disqualification under the statute above set out. The rationale of the case is that while the court may have a discretion as to appointment of administrators, the deceased may appoint his own executors, and though such person might otherwise be disqualified, he must be issued letters unless prohibited by positive statutory provision. Welsh, Driscoll Buck v. Buck, 64 Utah 579, 232 P. 911; Estate of Bauquier,88 Cal. 302, 26 P. 373. Under these authorities, this argument is resolved against the executors. As we read Sec. 102-3-19, U.C.A. 1943, the court must appoint the non-resident named as executor in the will, when he appears and submits himself to the jurisdiction of the court. The court may in its discretion revoke letters previously given to another when the non-resident comes in later and submits to the court's jurisdiction. Aside from this, we doubt executors' standing to here question respondent's appointment. The lower court had jurisdiction and its order cannot be assailed collaterally. Chilton v. Union Pac. Ry.Co., 8 Utah 47, 29 P. 963; In re Upton's Estate, 199 Wn. 447,92 P.2d 210, 123 A.L.R. 1220.
The order is affirmed and the cause remanded to the district court for further proceedings. Costs to respondent.
McDONOUGH and TURNER, JJ., concur. *Page 311