430 P.2d 904

In the Matter of the ESTATE of Dallas Bedford LEWIS, also known as D. B. Lewis, Deceased.

Lucille PARKER, Jack Heidt and Robert Gaston, Appellants,

v.

Ernest L. LEWIS, Respondent.

No. 10719.

Supreme Court of Utah.

Aug. 11, 1967.

Thorpe Waddingham, Dudley Crafts, Delta, for appellants.

A. Lee Petersen, Fillmore, for respond-·ent.

CALLISTER, Justice:

This is an action between the executors appointed in the testator's domicil and the brother of the decedent, a Utah resident; each has sought the admission to probate in Utah of the foreign will and appointment as representative of the estate in Utah. The trial court admitted the will to probate as a foreign will, but denied the petition of the executors and appointed the brother as administrator with the will annexed for the conduct of ancillary probate proceedings in Utah.

Dallas Bedford Lewis, the decedent, died a resident of California on April 25, 1966. He had prepared his own will, dated December 7, 1965, in which he did not specifically designate an executor but named appellants, Lucille Parker, Jack Heidt, and Robert Gaston as "Trustees", directing that they perform certain duties and exercise powers which an executor would perform.

On May 2, 1966, Lucille Parker filed a petition in California for the probate of the will, for interpretation of the same, for designation of the executors thereunder or in the alternative for issuance of letters of administration with the will annexed. The next day, Robert Gaston and Jack Heidt filed their petition for probate of the same will.

The respondent, brother of the decedent, received notice of the hearing and engaged a California attorney; both appeared at the hearing.

The California court, after the hearing entered an order dated May 25, 1966, determining decedent died testate, a resident of California having an estate therein and admitted the will to probate. The court found that Parker, Gaston and Heidt were named as executors under the will and ordered letters testamentary be issued to them upon their furnishing a bond in the sum of five million dollars.

The chief asset of the estate in Utah was 17,000 acres of mining property together with a small plant where decedent's brother was manager.

On June 2, 1966, the decedent's brother filed a petition in Utah seeking his appointment as ancillary administrator with the will annexed. On June 14, 1966, the California executors filed their objections and a

petition for the probate of the will as a foreign will and for issuance of letters testamentary.

A hearing of the two petitions was held June 29, 1966. The trial court admitted the foreign will to probate in ancillary proceedings and appointed the respondent brother administrator. The court found that the appellants were named in the will as "trustees" and not as executors, and as non-residents they were not competent to serve. The court further determined that it was immaterial whether appellants were "trustees" or executors inasmuch as they did not petition the court within thirty days as required by Section 75–3–4, U.C.A.1953, nor did they show good cause for the delay.

█ The trial court was bound by the holding of the California court that appellants were the executors of the testator's will. California as the domicil of the decedent was the proper forum to exercise jurisdiction and construe the will. Furthermore, respondent had notice and appeared and participated in the proceedings; he cannot collaterally attack the California judgment in Utah in ancillary proceedings.

The central issue of this case is the interpretation and application of Section 75–3–4, U.C.A.1953, which states:

If the person *named* in a will as executor, for thirty days after he has knowledge of the death of the testator *and that he is named as executor*, fails to petition for the probate of the will and for letters testamentary, he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, *unless good cause is shown.* (Emphasis added)

█ The trial court held that appellants lost the preference rights to letters testamentary in Utah[1] because they had not petitioned therefor within thirty days after their knowledge of the testator's death. This conclusion is erroneous for several reasons.

First, the testator, who died April 25, 1966, left a self-drawn will which did not *name* an executor. The appellants were designated as trustees. They did not have knowledge within thirty days after testator's death that they were the executors of his estate.

Second, on May 25, 1966, the California probate court held a hearing, at which respondent was present, and determined that appellants were the executors of the estate —although not specifically *named* as such in the will.

Third, the appellants, after being designated by the California court as executors on May 25, 1966, filed their petition in this state for letters testamentary within twenty days thereafter.

1. 75–3–4, U.C.A.1953.

Fourth, and finally, the fact that appellants were not *named* in the will as executors and were not competent to act in that capacity until the determination of the California court on May 25, 1966, clearly places them under the protection of the "umbrella" provision of 75–3–4, U.C.A.1953—"unless good cause is shown."

Reversed and remanded for further proceedings in accordance with this opinion. Costs to appellant.

CROCKETT, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting):

I dissent. I do not think the trial court erred in exercising its discretion in appointing the brother of deceased as administrator with the will annexed in this matter. The appellants were non-residents of Utah and not acquainted with the Sulphurdale plant or the real property involved in this estate. The respondent is a resident and is and has been manager of the properties at Sulphurdale for a long period of time.

It is my opinion that the trial court correctly held that his discretion was invoked when the appellants failed for thirty days after the death of the decedent to initiate proceedings in this State looking toward the conservation of the assets. The purpose of the thirty-day statute is to make sure that the assets of the estate of a deceased are not wasted, and there is no reason for giving a longer period in a state other than the domicil of the deceased than there is in the state of his residence.

In the absence of a showing of incompetency to serve as an executor, to wit, (1) Under the age of majority; (2) Convicted of an infamous crime; or, (3) Adjudged to be incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity, an executor named in the will must be appointed if he appears and submits to the jurisdiction of the court—unless he renounces or waives his right to be appointed. See Section 75–3–14 and 75–3–15, U.C.A. 1953.

Section 75–3–4, U.C.A.1953, reads as follows:

> If the person named in a will as executor, for thirty days after he has knowledge of the death of the testator and that he is named as executor, fails to petition for the probate of the will and for letters testamentary, he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, unless good cause for the delay is shown.

This court in the case of In Re Love's Estate, 75 Utah 342, at page 353, 285 P. 299, at page 303, had occasion to deal with this principle, and used the following language.

It may be conceded that, where the petition by the party named as executor is filed in time, the court has no discretion but to appoint the party named executor unless he is disqualified by the statute, but this court has already committed itself to the doctrine that failure to make timely application for letters testamentary leaves it in the discretion of the court whether he appoints the person having the preferential right or some other competent person.

The will of a non-resident may be probated in Utah without first being admitted to probate in the state wherein the testator was domiciled, and it is not necessary to wait until the domiciliary state has finally acted in the matter before the courts of Utah are authorized and empowered to proceed. Section 75–1–2, U.C.A.1953. See In Re Howard's Estate, 108 Utah 294, 159 P.2d 586.

This question was before the Wyoming Supreme Court in the matter of In Re Smith's Estate, 55 Wyo. 181, 97 P.2d 677, and at page 682 that court said :

> * * * The statutes of this state (Rev.St.1931, § 88–207) provide that a will "must be proved and letters testamentary or of administration granted * * * in the county in which any part of the estate may be, the decedent having died out of the state, and not resident thereof at the time of his death," etc. Two cases in this state have referred to this provision: Bliler v. Boswell, 9 Wyo. 57, 59 P. 798, 61 P. 867; Rice v. Tilton, 14 Wyo. 101, 82 P. 577. But the point here raised was not before the court. It is held by the great weight of authority under like or similar statutory provision that a will may be admitted to probate in a state other than that of the domicil of the deceased, though it has never been admitted in the latter state; and that the admission to probate in the state of the domicil is not a condition precedent to the admission in another state where the deceased leaves real or personal property.

> * * *

In the Restatement of the Law of the American Law Institute, the volume of Conflict of Laws, § 469, says: "The will of a deceased person can be admitted to probate in a competent court of any state in which an administrator could have been appointed had the decedent died intestate." Under comment "c" thereof it is said:

> Probate in a state other than at the domicil can be had although the will has not been admitted to probate in the state of the decedent's domicil. But a court in its discretion will ordinarily postpone action in so far as the will concerns movables until the court at the domicil has acted, if proceedings in the domicil for probate are pending at the time the application for probate is made in the other state.

See annotation in 119 A.L.R. beginning at page 491; In Re Clark's Estate, 148 Cal. 108, 82 P. 760, rehearing at page 766, 1 L.R.A.,N.S., 996; In Re Estrem's Estate, 16 Cal.2d 563, 107 P.2d 36.

We are confronted with the problem of whether or not the thirty days preference statute is effective in ancillary proceedings. Bancroft's Probate Practice, 2d Edition, § 1228, states the law as follows:

> * * * The executor named in the will may apply for letters, and is usually given a preference right to them. The fact that the person named as executor is a nonresident is not a disqualification in most of the states * * * But statutes declaring that one named as executor renounces his preference right to letters if he fails to apply therefor within a specified number of days after he has knowledge of death of the testator and that he is named as executor, apply in ancillary as well as in domiciliary administration.

The main opinion herein says that the appellants did not have knowledge within thirty days after testator's death that they were the executors of his estate. I cannot agree with this statement. While in the will, which was drawn by the decedent without the benefit of counsel, they are designated as "trustees," yet they were directed to perform duties which only an executor could do, such, for example, as selling property to pay inheritance taxes, obtaining long-term loans if the property does not sell for sufficient money, making partial distribution of the funds if available after paying inheritance taxes, etc.

In his will the decedent also set up numerous trusts, and in each trust he named a bank and an individual, usually the appellant Lucille Parker, as co-trustees.

A reference to Bancroft's Probate Practice, 2d Edition, § 238, shows that they were *named* executors. That section provides as follows:

> It is said to be the common law and the law of nearly all of the states of the Union that one who, according to the tenor of the will, is intended as executor is entitled to office although not specifically named as "executor" in such instrument. * * *
>
> * * * * * *
>
> One designated to "settle" or to have "full charge" of the estate and to "receive all moneys and pay all bills" is intended to be appointed within this rule. Likewise, designation of a person in a will as "custodian and administrator" is sufficient to indicate an intention to name him as executor. Similarly, language contained in a will, "request that F. C. have charge of my affairs" is alone sufficient to warrant the appointment of F. C. as executor.

These appellants knew they were named as the executors of the estate, and because

of that knowledge they initiated proceedings timely in California but waited fifty days before making any effort to preserve the assets of the estate in Utah.

I think the court was correct in holding that they had waived their preferential rights to be the administrators with the will annexed of the estate of Dallas Bedford Lewis in Utah and that his appointment of the brother of the deceased was within his judicial discretion. I would affirm his decision.